UNITED STATES DISTRICT COURT
DISTRICT OF MASSACHUSETTS

| | |
|---|---|
| RICHARD HODGES,<br>Petitioner,<br><br>v.<br><br>GARY RODEN,<br>Respondent, | )<br>)<br>)<br>)<br>)   **CIVIL ACTION**<br>)   **NO. 11-40067-JLT**<br>)<br>)<br>)<br>)<br>)<br>) |

## REPORT AND RECOMMENDATION
### September 7, 2011

**HILLMAN, M.J.**

### Nature of the Proceeding

This matter was referred to me by Order of Reference dated May 31, 2011, for Findings and Recommendations on Respondent's Motion To Dismiss Petition (Docket No. 5).

### Nature of the Case

Richard Hodges ("Hodges" or "Petitioner") has filed a petition under 28 U.S.C. § 2254 for Writ of Habeas Corpus by a Person in State Custody ("Petition") alleging the following grounds for relief[1]:

> *Ground One:* Petitioner was coerced into pleading guilty and his trial counsel was ineffective for failing to properly advise him regarding his plea.

---

[1] Hodges is proceeding *pro se* and for that reason, his pleadings will be construed liberally. *See Ashmont v. Rosenblatt*, 118 F.3d 886, 890 (1st Cir. 1997).

> *Ground Two:* Because he had raised substantial issues in his Rule 30 motion for post conviction relief, the state court erred by denying him an evidentiary hearing.

## Facts

### *Petitioner's Conviction*

On November 14, 2007, Hodges pled guilty to (1) attempt to murder, in violation of Mass.Gen.L. ch. 265, §14, (2) assault and battery on a victim aged sixty or older, in violation of Mass.Gen. L. ch. 265, §13K, and (3) unarmed robbery, in violation of Mass. Gen. L. ch. 265, § 19(b). The trial judge engaged in a plea colloquy with Hodges, during which Hodges acknowledged the following:

> (a) that [his] attorney had explained to him all of the elements of each of the three serious charges against him; (b) that the attorney had discussed with him all rights, defenses, and consequences of the pleas; (c) that the attorney had reviewed with him the written waiver of the defendant's rights submitted at the time of the plea colloquy; (d) that the attorney had made no threats or promises to induce the pleas; (e) that the attorney had acted in the defendant's best interest; and (f) that the attorney had represented him fairly.

*Commonwealth v. Hodges*, 78 Mass.App.Ct. 1117 (Table), No. 09-P-1551 2010 WL 5464827 *1 (Mass. App.Ct. Dec. 30, 2010); *see also Commonwealth v. Hodges*, No. 2007-01274, *unpublished*, (Mass.Sup. Apr. 16, 2009)("*Mot. New Trial. Mem. & Dec.*"), a copy of which is attached as Add. 1 to *Pet's Opp. To Resp's Mot. To Dism.* (Docket No. 9) .

Hodges was sentenced to 8-10 years on each of the attempted murder and unarmed robbery counts, to run concurrently. He was sentenced to 4-5 years on the assault and battery on an elderly victim count, to run concurrently with the other sentences. *Mot. New Trial Mem. & Dec.*, at p. 1.

*Post Trial Proceedings*

Hodges filed Notice of Appeal in or about August 2008. However, the Supreme Judicial Court of Massachusetts ("SJC") has held that "'[a] motion for new trial is the appropriate device for attacking the validity of a guilty plea'", *Commonwealth v.* Sherman, 451 Mass. 332 (2008)(citation to quoted case omitted), and therefore, no action was taken on the appeal. *Mot. New Trial Mem. & Dec.,* at p. 4.[2] On August 25, 2008, Hodges filed a Motion to Withdraw Guilty Plea and/or New Trial under Mass.R.Crim.P. 30(b). *Id.,* at p. 5.[3] On April 16, 2009, the trial judge denied Hodges's Rule 30(b) motion without a hearing[4]. *Id.,* at p. 6. On April 27, 2009, Hodges filed a Notice of Appeal of the order denying his Rule 30(b) motion.

On December 30, 2010, the Massachusetts Appeals Court ("MAC") issued a Memorandum and Order Pursuant to Rule 1:28, denying Hodges's appeal. *Petition*, *Appendix*, at pp. 1-6)("*MAC Order*"). Initially, the MAC stated that the decision as to whether to hold an evidentiary hearing on a motion to withdraw a guilty plea is within the sound discretion of the judge hearing the Rule 30(b) motion for new trial; the court noted that it gives substantial deference to the motion judge's decision to deny an evidentiary hearing where the motion judge presided over the trial *Id*, at pp. 1-2. The MAC then went on to address the following claims relevant to Hodges's Petition, all of which were denied: (1) Hodges's attorney coerced his pleas

---

[2] According to the Superior Court case docket, Hodges filed his Notice of Appeal on July 11, 2008. *See Resp's Mem. of L. In Sup. Of His Mot. To Dismiss Pet.* (Docket No. 6)("*Resp's Mem.*"), *Attachment 1* (Superior Court Docket Sheet), at. p. 5, entry 32, which apparently was treated as a request to file a late appeal. On July 17, 2008, the Appeals Court denied the "Motion" to file a late appeal, on the grounds that no appeal can be taken from a guilty plea. *Id.*, at entry 33; *Resp's Mem.*, *Attachment 2* (Appeals Court Single Justice Docket), at p. 1.

[3] Hodges filed numerous other ministerial and procedural type motions which are not relevant to any of the issues raised in his Petition.

[4] The trial judge found that "there is no need for an Evidentiary Hearing as no issues of substance have been raised by the defendant Richard Hodges to suggest that a hearing is necessary". *Mot. New Trial Mem. & Dec.,* at p. 6.

of guilty after inadequate investigation and preparation of his defense and his attorney and sister (also an attorney) overcame his free will by insisting that he plea guilty; (2) Hodges received ineffective assistance of counsel (relating to the plea); and (3) his rights were violated becasue although the indictment charged him with assault and battery on a person over sixty years of age, at the plea colloquy, the Commonwealth informed the trial judge, for the first time, that the actual offense was assault and battery upon a person over 60 *resulting in bodily injury*, which carried a greater sentence. *Id.*, at pp. 2-3. The MAC did not cite the federal constitution, nor did it cite any federal case law in its decision. *Id.*, at pp. 1-3.

On January 5, 2011, Hodges filed an Application for Leave to Obtain Further Appellate Review with the SJC. *See Petition*, *Appendix 2*, at pp. 1-13 ("ALOFAR"); *Resp's Mem., Attachment 4* (SJC Court Docket), at p. 12, entry 1. Among the issues as to which Hodges stated he was seeking further appellate review were the following: (1) whether he was coerced into pleading guilty and was his counsel ineffective; and (2) whether he was entitled to an evidentiary hearing to develop the facts for his direct appeal. *ALOFAR*, at p. 4. The SJC denied Hodges's ALOFAR on March 2, 2011. *Petition*, at *Appendix 4*.

Discussion

Respondent asserts that Hodges's Petition should be dismissed because he has failed to exhaust his state court remedies with respect to all of his stated grounds for relief. Specifically, Respondent asserts that Petitioner failed to exhaust his claim that his guilty plea was coerced, and that he entitled to a state court evidentiary hearing in connection with his motion to withdraw his guilty plea.

4

## *The Exhaustion Doctrine*

A federal court may not consider an application for a writ of habeas corpus filed by a person in state custody, unless the petitioner has exhausted his/her state court remedies with respect to all claims raised in such application. *See* 28 U.S.C. § 2254 (b); *see also Rose v. Lundy*, 455 U.S. 509, 518, 102 S.Ct. 1198 (1982). In order to satisfy the exhaustion requirement, a petitioner must establish that the factual and legal bases of his federal claim were "fairly and recognizably presented to the state courts." *Adelson v. DiPaola*, 131 F.3d 259, 262 (1st Cir. 1997) (citing *Picard v. Connor*, 404 U.S. 270, 276-277, 92 S.Ct. 509 (1971)). Where "a petitioner presents new legal theories or new factual allegations in federal court that transform his claim or cast it in a significantly different light," the exhaustion requirement is not met. *Domaingue v. Butterworth,* 641 F.2d 8, 12 (1st Cir.1980). At the same time, the petitioner is "not precluded from some reformulation of the claims [he] made in the state courts." *Williams v. Holbrook,* 691 F.2d 3, 6 (1st Cir.1982). It is the Petitioner's burden to demonstrate that all claims asserted in his petition are exhausted. *Barresi v. Maloney*, 296 F.3d 48, 51 (1st Cir. 2002)(petitioner bears "heavy burden" of demonstrating satisfaction of exhaustion requirement).

As more fully explained below, where a petitioner has presented both exhausted and unexhausted claims, *i.e.,* filed a so-called "mixed-petition", his petition must be dismissed unless he agrees to dismiss the unexhausted claims (perhaps forever forfeiting the right to federal habeas review of such claims). The petitioner may also request that the petition be dismissed to allow him to return to state court and pursue the unexhausted claims. Where dismissing the petition and returning to state court could result in a violation of the one year statute of limitations imposed by the Antiterrorism and Effective Death Penalty Act of 1996 ("AEDPA"), *see* 28 U.S.C. §2244(d), the petitioner may request that the district court allow him to utilize the

stay and abeyance procedure set forth in *Rhines v. Weber*, 544 U.S. 269, 125 S.Ct. 1528 (2005)(in limited circumstances, district court may stay mixed-petition to permit petitioner to exhaust state court remedies).

*Whether Ground One Of The Petition Is Fully Exhausted*

As noted by the Respondent, Hodges actually raises two claims in Ground One of his Petition: (i) that his guilty plea was not knowing and voluntary because his lawyer and his sister coerced him into pleading guilty; and (ii) that he received ineffective assistance of counsel.[5] The Respondent argues that Hodges has not exhausted the first claim raised in Ground One because his ALOFAR did not include a separate the claim that his plea was involuntary, rather his argument that he was coerced into pleading guilty was made in support of his ineffective assistance of counsel claim.[6]

In his ALOFAR, Hodges raised the following claim for relief:

1.   WHETHER THE DEFENDANT WAS COERCED INTO PLEADING GUILTY BY ROTE AND WAS HIS COUNSEL INEFFECTIVE:

*ALOFAR*, at p. 4. This label created am ambiguity as to the nature of Hodges's claim for relief. In any event, the label used to frame the claim is not dispositive-- instead, the court must examined the factual and legal underpinnings of the claim as presented to the SJC.

---

[5] The basis of Hodges's ineffective assistance of counsel claim is not apparent from his Petition. However, in his memorandum in opposition to the motion to dismiss, Hodges argues that his lawyer was ineffective because he undermined the functioning of the adversarial process by coercing Hodge's to plead guilty and by bringing his sister, an assistant district attorney, to the jail to coerce him into pleading guilty. Hodges also asserts that his counsel was ineffective for failing to investigate the factual and legal underpinnings of the case against him.

[6] Hodges argues that "contrary to the State's feeble motion to dismiss, [he] presented [his ineffective assistance of counsel] claim to the [SJC]." *Pet's Opp. To Resp.'s Mot. To Dismiss* (Docket No. 9), at p. 16. However, Respondent has not argued that this claim was not exhausted. I will note that based on Hodges's argument in his opposition to Respondent's motion to dismiss, it is at times it unclear whether in his ALOFAR he intended to assert the coercion claim as independent of the ineffective assistance claim. For that matter, it is unclear from his opposition whether in his Petition he is asserting the coercion claim as an independent claim.

6

In support of this claim, Hodges asserted that his lawyer and sister came to visit him while he was in lock-up and coerced him into pleading guilty. However, as pointed out by the Respondent, Hodges's legal arguments with respect to this claim relate to his counsel's performance. That is, his sole argument to the SJC was that he received ineffective assistance of counsel as the result of his lawyer's coercing him into pleading guilty, and his lawyer utilizing his sister for this purpose. As also noted by Respondent, Hodges expressly states in the discussion that: "[t]here is no claim that the original plea was constitutionally defective". *Id.*, at p. 9. At the same time, later in the same discussion, Hodges argued that when ruling on the Rule 30(b) motion, the trial judge had the authority to permit him to withdraw his plea "based on the evidence presented after the fact, that the plea was not made voluntarily and intelligently", citing *Commonwealth v. Foster*, 368 Mass. 100 (1975, a case in which the SJC discussed due process requirements *vis a vis* a knowing and voluntary guilty plea in light of the Supreme Court's opinion in *Boykin v. Alabama*, 395 U.S. 238, 89 S.Ct. 1709 (1969). In the ensuing paragraph, however, Hodges again focused on whether his lawyer's failure to conduct an adequate investigation affected his decision to plea. *ALOFAR*, at p. 10. Thus, the statement that the court had discretion to permit him to withdraw his plea was immediately linked to his assertion that his counsel was ineffective, thereby belying any argument that he was asserting an independent claim.

Under these circumstances, I cannot find that Hodges made a substantive legal argument to the SJC that his plea was not knowing and voluntary because his lawyer and sister coerced

In support of this claim, Hodges asserted that his lawyer and sister came to visit him while he was in lock-up and coerced him into pleading guilty. However, as pointed out by the Respondent, Hodges's legal arguments with respect to this claim relate to his counsel's performance. That is, his sole argument to the SJC was that he received ineffective assistance of counsel as the result of his lawyer's coercing him into pleading guilty, and his lawyer utilizing his sister for this purpose. As also noted by Respondent, Hodges expressly states in the discussion that: "[t]here is no claim that the original plea was constitutionally defective". *Id.*, at p. 9. At the same time, later in the same discussion, Hodges argued that when ruling on the Rule 30(b) motion, the trial judge had the authority to permit him to withdraw his plea "based on the evidence presented after the fact, that the plea was not made voluntarily and intelligently", citing *Commonwealth v. Foster*, 368 Mass. 100 (1975, a case in which the SJC discussed due process requirements *vis a vis* a knowing and voluntary guilty plea in light of the Supreme Court's opinion in *Boykin v. Alabama*, 395 U.S. 238, 89 S.Ct. 1709 (1969). In the ensuing paragraph, however, Hodges again focused on whether his lawyer's failure to conduct an adequate investigation affected his decision to plea. *ALOFAR*, at p. 10. Thus, the statement that the court had discretion to permit him to withdraw his plea was immediately linked to his assertion that his counsel was ineffective, thereby belying any argument that he was asserting an independent claim.

Under these circumstances, I cannot find that Hodges made a substantive legal argument to the SJC that his plea was not knowing and voluntary because his lawyer and sister coerced

In support of this claim, Hodges asserted that his lawyer and sister came to visit him while he was in lock-up and coerced him into pleading guilty. However, as pointed out by the Respondent, Hodges's legal arguments with respect to this claim relate to his counsel's performance. That is, his sole argument to the SJC was that he received ineffective assistance of counsel as the result of his lawyer's coercing him into pleading guilty, and his lawyer utilizing his sister for this purpose. As also noted by Respondent, Hodges expressly states in the discussion that: "[t]here is no claim that the original plea was constitutionally defective". *Id.*, at p. 9. At the same time, later in the same discussion, Hodges argued that when ruling on the Rule 30(b) motion, the trial judge had the authority to permit him to withdraw his plea "based on the evidence presented after the fact, that the plea was not made voluntarily and intelligently", citing *Commonwealth v. Foster*, 368 Mass. 100 (1975, a case in which the SJC discussed due process requirements *vis a vis* a knowing and voluntary guilty plea in light of the Supreme Court's opinion in *Boykin v. Alabama*, 395 U.S. 238, 89 S.Ct. 1709 (1969). In the ensuing paragraph, however, Hodges again focused on whether his lawyer's failure to conduct an adequate investigation affected his decision to plea. *ALOFAR*, at p. 10. Thus, the statement that the court had discretion to permit him to withdraw his plea was immediately linked to his assertion that his counsel was ineffective, thereby belying any argument that he was asserting an independent claim.

Under these circumstances, I cannot find that Hodges made a substantive legal argument to the SJC that his plea was not knowing and voluntary because his lawyer and sister coerced

him into pleading guilty.[7]  In other words, a reasonable jurist would not have understood or recognized that Hodges was asserting an independent due process claim that his guilty plea was not knowing and voluntary because it had been coerced. Therefore, this claim was not fairly presented to the SJC and I find that it has not been exhausted.

## *Whether Ground Two Of The Petition Was Exhausted*

In Ground Two of his Petition, Hodges asserts that because he raised substantial issues in his Rule 30(b) motion, he should have been granted an evidentiary hearing.  The Respondent argues that this claim was not exhausted because Hodges's ALOFAR failed to alert the SJC to the federal nature of his claim.

Regardless of wether Hodges presented the same factual basis of this claim to the SJC (a proposition which is highly debatable), there can be no question that he failed to assert that failure to hold an evidentiary hearing violated federal constitutional law, more precisely, due process.  Instead, Hodges asserted that failure to hold an evidentiary hearing violated the Commonwealth's rules of criminal procedure, Mass.R.Crim.P. 30(c)(3), and the standards governing a petitioner's right to an evidentiary hearing under the federal habeas statute, 28 U.S.C. § 2254(e)(2).  As noted by Respondent, Hodges's reference to Section 2254's hearing requirements, which would be inapplicable to a state court proceeding, would not have alerted the SJC that he was asserting a violation of federal substantive law. *See Martens v. Shannon*, 836 F.2d 715 (1st Cir. 1988)(federal question must be clearly defined in appeal to state's highest

---

[7] Neither party provided this court with copies of their briefs to the MAC.  While presentation of the issue to the MAC would not constitute "fair presentation" to the SJC, for purposes of this proceeding, it would at least be informative as to how Hodges framed the issue to the lower court. *See Barresi v.* Maloney, 296 F.3d 48, 52 (1st Cir. 2002)(pleadings and filings submitted to intermediate appellate court provide backdrop against which later filings can be viewed).  In any event, in its decision, the MAC chose to address Petitioner's "coercion" argument in the context of an ineffective assistance of counsel claim.  It appears that Hodges adopted the MAC's formulation when preparing his ALOFAR, thus abandoning any separate and distinct claim that because he was coerced into pleading guilty, his plea was not voluntary and knowing.

8

court; where petitioner in state court failed to argue that denial of request for evidentiary hearing was violation of due process, claim was not exhausted).[8] Therefore, this claim is unexhausted.

### *Hodges's Options Regarding His Unexhausted Claims*

Hodges has essentially asserted three grounds for relief: (1) he received ineffective assistance of counsel; (2) his guilty plea was not knowing and voluntary because it was coerced by his sister and counsel; and (3) the state court erred by denying him an evidentiary hearing in connection with his Rule 30(b) motion. I have found that Hodges failed to exhaust his state court remedies with respect to the second and third claims. A petitioner cannot proceed in this Court on a mixed petition; he must either dismiss the unexhausted claims or his entire petition will be dismissed. If the petitioner elects to dismiss the unexhausted claims, then as a result of the federal habeas scheme's prohibition against successive petitions, *see* 28 U.S.C. 2244(b)(2), he would thereafter be barred from seeking federal habeas review of those claims. At the same time, because the one year statute of limitations imposed by the AEDPA, is not tolled during the pendency of a federal habeas petition, *see* 28 U.S.C. § 2244(d)(2) and *Duncan v. Wlaker,* 533 U.S. 167, 181-82, 121 S.Ct. 2120 (2001), should the petition be dismissed in order for Hodges to return to state court to address his unexhausted claims, federal habeas relief would thereafter most certainly be barred with respect to *all* claims. The issue now becomes whether Hodges should be permitted to avail himself of the stay and abeyance procedure articulated by the

---

[8] A number of courts have held that "'an infirmity in a state post conviction proceeding does not raise a constitutional issue cognizable in a federal habeas petition,'" *Gafney v. Ludwick*, No. 2:08-CV-13462, 2010 WL 2555179 (E.D.Mich. May 18, 2010)(quoting *Gee v. Groose*, 110 F.3d 1346, 1351-52 (8th Cir. 1997)). However, the First Circuit has expressly rejected this position. *See Watkins v. Massachusetts,* No. 08-10268-MLW, 2010 WL 3245384 (D.Mass. Aug. 16, 2010)(First Circuit has held that claims challenging constitutionality of state post conviction proceedings are cognizable under Section 2254)(citing *Dickerson v. Walsh*, 750 F.2d 150, 152-54 (1st Cir. 1984). Therefore, I cannot find that federal habeas review of this claim is barred. I will note, however, that because the state court denied Petitioner's request for an evidentiary hearing, if he chooses not to return to seek to exhaust this claim in state court, he could request that this Court hold an evidentiary hearing on his claim(s) in accordance with 28 U.S.C. § 2254(e)(2). Whether such a request would be granted would be in the discretion of the court.

Supreme Court in *Rhines v. Weber*, 544 U.S. 269, 135 S.Ct. 1528 (2005), which would permit him to stay this Court's consideration of his Petition while he returns to state court to exhaust his two unexhausted claims. Once he has exhausted all of his claims, this Court can lift the stay and adjudicate the Petition.

In *Rhines*, the Supreme Court held that it is appropriate to stay the entire federal habeas petition and permit the petitioner to return to state court to address any unexhausted claims where: (1) " 'the district court determines there was good cause for the petitioner's failure to exhaust his claims first in state court,' (2) the 'unexhausted claims are potentially meritorious,' and (3) 'there is no indication that the petitioner engaged in intentionally dilatory litigation tactics,'". *Clements v. Maloney*, 485 F.3d 158, 169 (1st Cir. 2007)(quoting *Rhiner*, 544 U.S. at 277, 278, 125 S.Ct. 1528)(internal citations omitted). In this case, Hodges has not provided any justification for his failure to have exhausted these claims. Instead, he argues that he raised his claims in his ALOFAR, but the SJC abused its discretion by "refusing to apply federal law to his claim." *Pet's Opp. To Resp.'s Mot. To Dismiss* (Docket No. 9), at p. 6.

I have found that Hodges failed to raise the issue of the voluntariness of his plea in his ALOFAR: "the intentional decision to omit some claims from the ALOFAR cannot amount to good cause. [The First Circuit has] a long-standing rule that claims omitted entirely from an ALOFAR cannot be exhausted". *Id.*, at 170. As to Hodges's claim that the state court wrongfully denied him an evidentiary hearing, he does not provide any justification for his failure to alert the state court to the federal nature of this claim. Instead, he argues that he properly presented this claim to the SJC by citing *Williams v. Taylor*, 529 U.S. 362, 120 S.Ct. 1495 (2000). However, *Williams* addresses the deference which federal courts must give to state court decisions on federal habeas review; it does not at all address whether failure to hold an

evidentiary hearing violates due process. Under the circumstances, Hodges has failed to establish good cause with respect to this claim. I will further note that given that the trial court had discretion as to whether to grant Hodges an evidentiary hearing in the state court, there appears to be little merit to this claim.

Since Hodges has failed to establish "good cause", the stay and abeyance procedure should not be available to him. Therefore, if the Court adopts this Report and Recommendation, it should permit Hodges an opportunity to elect to amend his Petition to delete the unexhausted claims and proceed with the exhausted claim. If Petitioner fails to do so, the Petition should be dismissed, without prejudice.

## Conclusion

I recommend that:

1. Respondent's Motion To Dismiss Petition (Docket No. 5) be ***allowed***, without entry of judgment; and

2. the Court permit Petitioner a period of fourteen days after the Court's ruling to decide whether to dismiss the unexhausted claims.

## Notice to Parties

The parties are advised that under the provisions of Fed. R. Civ. P. 72(b), any party who objects to these proposed findings and recommendations must file specific written objections thereto with the Clerk of this Court WITHIN 14 DAYS of the party's receipt of this Report and Recommendation. The written objections must specifically identify the portion of the proposed findings, recommendations, or report to which objection is made and the basis for such objection. The parties are further advised that the United States Court of Appeals for this Circuit has indicated that failure to comply with this rule shall preclude further appellate review of the District Court's

order based on this Report and Recommendation.  *See Keating v. Secretary of Health and Human Services,* 848 F.2d 271 (1st Cir. 1988); *United States v. Emiliano Valencia-Copete*, 792 F.2d 4 (1st Cir. 1986); *Scott v. Schweiker*, 702 F.2d 13, 14 (1st Cir. 1983); *United States v. Vega*, 678 F.2d 376, 378-379 (1st Cir. 1982);  *Park Motor Mart, Inc. v. Ford Motor Co.*, 616 F.2d 603 (1st Cir. 1980).  *See also, Thomas v. Arn*, 474 U.S. 140, 106 S.Ct. 466 (1985).

                                        **/s/** Timothy S. HIllman
                                        **TIMOTHY S. HILLMAN**
                                        **UNITED STATES MAGISTRATE JUDGE**